IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COLUMBIA CASUALTY COMPANY, <br><br> Appellant, <br><br><br> vs. <br><br><br> JAMES T. MARKUS, TRUSTEE, <br><br> Appellee. | ORDER DENYING COLUMBIA CASUALTY'S APPEAL <br><br><br><br><br> Case No. 2:06-CV-00590 PGC |

On May 15, 2006, Appellant Columbia Casualty Company filed a motion for a determination that the automatic stay did not apply to the proceeds of a Directors and Officers policy in favor of covered directors and officers or, alternatively, for relief from the automatic stay to the extent necessary to advance defense costs [Bankr. #2646]. Without reaching the proceeds question, the Bankruptcy Court granted Columbia's motion for relief from the stay. After receiving its requested relief from the bankruptcy court, Columbia now appeals the bankruptcy court's order under 28 U.S.C. § 158(a). Columbia now seeks an order by this court that the bankruptcy court erred when it failed to grant Columbia's motion for a determination that the automatic stay did not apply to the policy proceeds because the policy proceeds were not property of the estate. Appellee James T. Markus, the Trustee of the Geneva Steel Chapter 11 litigation, opposes this motion because, among other things, Columbia lacks standing to bring

this appeal because it is not aggrieved by the Bankruptcy Court's order. The court agrees that Columbia cannot challenge an order of the Bankruptcy Court providing relief that it sought. Accordingly, the court DENIES Columbia's appeal of the bankruptcy court's order [#1].

## FINDINGS OF FACT

For the purposes of this appeal, the court finds the following facts. On January 25, 2002, Geneva Steel LLC filed a voluntary petition under chapter 11 of the bankruptcy code. Other companies, including Geneva Steel Holdings, Williams Farm LLC, and Iron Ore Mines, followed suit almost nine months later. On April 18, 2005, James T. Markus, the appellee, was appointed the chapter 11 trustee for each of these debtors.

For the period of March 1, 2003 through March 1, 2006, Columbia issued an insurance policy for coverage to Geneva Steel Holdings. That policy provided liability coverage to directors and officers of Holdings and its subsidiaries to the extent the claims against them arose from their actions as officers or directors of the debtors. The policy also provided coverage to the debtors for any loss for which the debtors were required to indemnify the directors or officers of Holdings and its subsidiaries.

During the bankruptcy proceedings, the trustee filed adversary proceedings against certain defendants, including former directors and officers of the debtors. Each of these defendants filed claims for indemnification against the debtors' bankruptcy estates for their costs and potential damages in defending the litigation against them.

In the process of the bankruptcy proceedings and the litigation filed by the trustee, Columbia filed a motion for a determination that the automatic stay did not apply to policy

proceeds, or in the alternative, for relief from the automatic stay to the extent necessary to advance defense costs.  To be clear, Columbia sought two alternative forms of relief in that motion.  First, it asked the bankruptcy court to find that the automatic stay did not apply to the policy proceeds because the proceeds were not property of the estate.  Second, it alternatively sought relief from the automatic stay to the extent necessary to advance defense costs for certain covered directors and officers of Geneva Steel.

After hearing oral arguments and considering the briefs submitted by Columbia and the Trustee, the bankruptcy court issued its decision on June 15, 2006.  The bankruptcy court did not explicitly find the policy proceeds to be part of the estate and therefore subject to the stay.  The court did order the automatic stay terminated to permit Columbia to advance reasonable defense costs, thereby explicitly granting Columbia's alternative motion.

The bankruptcy court's order specifically states that the trustee "argues that the insurance proceeds from the Policy are property of the bankruptcy estate, are subject to the automatic stay, and that any order granting relief from the automatic stay should be conditioned in order to protect the estate's interest in the insurance proceeds by establishing a review procedure . . . ."[1]  After the bankruptcy court suggested that parties cooperate to develop a procedure to protect all parties through a shared monitoring of defense costs, Columbia rejected this suggestion and assured the bankruptcy court that it fully scrutinizes the expenditure of defense costs.  Therefore, the bankruptcy court ordered "the automatic stay terminated to permit Columbia to advance reasonable and necessary fees and expenses in defense of those claims that are defined under the

---

[1] Bankr. Court Order, at 3, Docket No. 1, Ex. 4 (July 18, 2006).

terms of the Policy as covered claims."[2]  The bankruptcy court granted this order based on three separate grounds:

> (1) Columbia's assurances that it scrutinizes the expenditures of defense costs, (2) Columbia's acknowledgment that it has a duty to allocate between costs which are covered and costs which are not covered under the terms of the Policy, and (3) the available claim that may be asserted by the Trustee if he prevails in his adversary proceedings and it is discovered that Columbia disbursed defense costs that were unreasonable, unnecessary, or not allocated to a matter covered under the terms of the Policy.[3]

Columbia now appeals this order, arguing that the Bankruptcy Court erred by implying that the policy proceeds are property of the estate.

## DISCUSSION

*A. Standard of Review*

The court reviews the bankruptcy court's findings of fact for clear error, and reviews conclusions of law *de novo*.[4]

*B.  Either This is an Interlocutory Appeal, or Columbia Lacks Standing to Appeal*

Although the Bankruptcy Court did not explicitly hold that the policy proceeds are property of the estate, Columbia argues that the bankruptcy court *implicitly* made this finding by granting its motion in the alternative.  Columbia argues that "[i]mplicit in the [bankruptcy court's] determination of the stay is its legal conclusion that the proceeds were part of the estate. The automatic stay applies *only* to property of the estate, and therefore the [bankruptcy court]

---

[2] *Id*.

[3] *Id*.

[4] *United States v. Murdock Mach. & Eng'g Co.*, 81 F.3d 922, 929 (10th Cir. 1996).

would order the stay terminated only if it concluded . . . that the policy proceeds were estate property."[5] Columbia then cites a number of Bankruptcy Court cases outside of this circuit to support its argument that the policy proceeds are not property of the estate, especially because indemnification by the trustee has not occurred, is hypothetical, or speculative. Columbia therefore requests this court, as a matter of law, find that the policy proceeds are not part of the estate in this case and reverse that *implicit* part of the bankruptcy court's order. Columbia believes that the bankruptcy court made this legal conclusion, but it does *not* appeal the potion of the bankruptcy court's order that lifts the automatic stay.

The trustee responds that Columbia is not an "aggrieved person" and lacks standing to appeal the Bankruptcy Court's order granting at least one of Columbia's sought-after remedies. The trustee argues first that Columbia is not an aggrieved party and lacks standing to appeal the bankruptcy court's order. Because Columbia filed it motion with two parts of requested relief (one in the alternative), and because the bankruptcy court granted the alternative requested relief, the trustee maintains that Columbia has no standing to appeal the bankruptcy court's order. The trustee further argues that a determination that the policy proceeds were property of the bankruptcy estate was not necessary to the court's ruling. Finally, on the merits, the trustee argues that the policy proceeds are property of the estate, and that the bankruptcy court did not err by lifting the automatic stay to allow directors and officers to receive access to those proceeds to pay their defense costs.

---

[5] Columbia Opening Brief, Docket No. 1, at 2 (Aug. 2, 2006).

A review of the Bankruptcy Court's order fails to provide a reason for believing that Columbia is an aggrieved party. The Bankruptcy Court's order states that it *grants* Columbia's motion for relief from the automatic stay to advance necessary defense costs. At no point does the order indicate that the Bankruptcy Court has denied Columbia's motion for a determination that the automatic stay does not apply to policy proceeds. The curious result is that the trustee (who opposed a blanket granting of the motion) is now in the position of *defending* the bankruptcy court's *granting* of Columbia's own motion. To say that the positions of the parties at this juncture seem slightly askew is an understatement.

Nonetheless, if Columbia is correct that the bankruptcy court has implicitly denied its motion, then this appeal is an interlocutory appeal – which is not appropriate. And if Columbia is incorrect by arguing that the bankruptcy court implicitly denied its motion, then Columbia's motion has been granted by the bankruptcy court and it has no standing to appeal. Either way, Columbia's motion must fail.

*1. Interlocutory Appeals of Bankruptcy Court Orders*

Federal law authorizes interlocutory appeals from bankruptcy courts only where the district court grants leave to appeal.[6] In seeking leave for such an appeal, the moving party must explain, among other things, "the reasons why an appeal should be granted."[7] Accordingly, the issue in a motion for leave to appeal from an interlocutory order in bankruptcy court is not whether the bankruptcy court "got it wrong," but whether an appeal is proper.

---

[6] *See* 28 U.S.C. § 158(a)(3); Bankr. Rule 8003.

[7] Bankr. Rule 8003(a)(3).

Because federal law is silent as to the standards for granting leave to appeal an interlocutory order from bankruptcy court, courts have looked to the standards governing interlocutory appeals from district court, which are found in 28 U.S.C. § 1292(b).[8]  Under that section, appellate review is proper where there is "(1) a controlling question of law (2) as to which there is substantial ground for difference of opinion and [where] (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation."[9]  Such appeals should be limited to extraordinary cases,[10] and the party seeking review has the burden of persuading the court that exceptional circumstances justify deviating from the policy of postponing appellate review until a final judgment has been entered in the case.[11]

At no point in its memoranda has Columbia demonstrated the reasons why interlocutory appeal of the bankruptcy court's order *granting* Columbia's own motion in the alternative is appropriate.  Columbia sets forth a number of cases from districts in other circuits for its argument that the policy proceeds are not property of the estate until indemnification has occurred.  But Columbia has not set forth that there is "a controlling question of law . . . as to which there is substantial ground for difference of opinion[, nor has it shown that] an immediate appeal from the [bankruptcy court's] order may materially advance the ultimate termination of

---

[8] *See, e.g., In re American Freight System, Inc., et al.*, 194 B.R. 659, 661 (D. Kan. 1996); *In re Universal Clearing House Co.*, 1984 U.S. Dist. LEXIS 23917, at 5 (D. Utah 1984).

[9] 28 U.S.C. § 1292(b).

[10] *See Utah State Dept. of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994).

[11] *See Fisons Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972).

the litigation."[12]  The court is not inclined to grant Columbia's interlocutory appeal on any grounds, especially because Columbia has not shown that immediate appeal from this order may materially advance the ultimate termination of this litigation.  Indeed, the reverse may be true.

Therefore, if Columbia seeks appellate review from the bankruptcy court's implicit *denial* of its motion, this is clearly an interlocutory appeal.  Columbia has not demonstrated that interlocutory appeal is proper or appropriate, nor has it even filed a motion for interlocutory appeal to this court.

### 2. Columbia is Not an Aggrieved Party

If Columbia argues that this is not an interlocutory appeal of a denial of its motion, then Columbia's motion has been granted and it cannot be an aggrieved party.  Columbia sought relief through its own motion when it chose to file that motion with two alternative requests.  The bankruptcy court did not state that it explicitly denied the first request, but it did explicitly state that it granted the alternative request.

The trustee's arguments citing standing to appeal an order of the bankruptcy court are instructive.[13]  To appeal, Columbia must be "adversely affected, pecuniarily or otherwise, by the actions of the bankruptcy . . . courts."[14]  Columbia itself sought relief from the automatic stay and received that relief, and now seeks further relief from the bankruptcy court.  But the bankruptcy

---

[12] 2 8 U.S.C. § 1292(b).

[13] *See, e.g.*, *Cornelius v. Elliot (In re Elliot)*, 94 F.3d 655, 1996 WL 460026, at *1 (10th Cir. 1996); *Lopez v. Behles (In re Am. Ready Mix, Inc.)*, 14 F.3d 1497, 1500 (10th Cir. 1994); *Holmes v. Silver Wings Aviation, Inc.*, 881 F.2d 939, 940 (10th Cir. 1989).

[14] *Conelius*, at *1.

court clearly granted Columbia's motion and terminated the automatic stay – the relief that Columbia itself sought.  The court truly questions whether Columbia is now an aggrieved party after receiving the exact relief that it sought – termination of the automatic stay.

The trustee, if anyone, appears to be a person aggrieved because it opposed the bankruptcy court's order, at least in part.  But the trustee is now in the position of *defending* the bankruptcy court's *granting* of Columbia's own motion.  The odd posture of the parties, especially given that the trustee is now defending the bankruptcy court's order, reasonably demonstrates that Columbia itself is not an aggrieved party after receiving the relief that it sought.  Therefore, Columbia does not have standing to appeal the bankruptcy court's order *granting* the relief that it initially sought.

## CONCLUSION

Either way the court reads Columbia's appeal, the appeal must be DENIED.  Therefore, the court DENIES Columbia's appeal.  The Clerk's Office is directed to close this case.

SO ORDERED.

DATED this 7th day of September, 2006.

> BY THE COURT:
>
> _____
> Paul G. Cassell
> United States District Judge